UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:11-MC-00011 ) |
| STANLEY MANN, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case arises from an action in the United States District Court for the District of Delaware, *American General Life Insurance Co. v. Mann*, No. 1:09-434-UNA, seeking a declaration that an insurance policy issued by Plaintiff American General Life Insurance Company on the life of Defendant Stanley Mann is void due to alleged fraud in the application for the policy. Now before the Court is American General's emergency motion to compel non-party Lincoln National Life Insurance Company to comply with a subpoena *duces tecum* served upon it on February 25, 2011. (Docket # 1.) The alleged emergency arises because the Delaware case is set for trial on April 11, 2011. In short, American General believes that Lincoln has documents that would assist it in establishing its case against Defendants. Lincoln, however, has failed to produce the responsive documents, and it has not objected to the subpoena. Due to a procedural deficiency, American General's motion to compel must be DENIED.

To explain, Local Rule 37.1(b) requires that for every motion concerning discovery, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference

and the names of all persons participating therein." This good faith requirement applies not just to motions to compel against parties but, according to the Federal Rules of Civil Procedure, to motions seeking production against non-parties. *Boukadoum v. Hubanks*, 239 F.R.D. 427, 430 (D. Md. 2006); *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 178-79 (M.D.N.C. 2002). And in this Court, our Local Rule 37.1, at least since 2000, *see* N.D. Ind. L.R. Committee Comments, has applied the certification requirement to "every other motion concerning discovery . . . ." *See, e.g.*, *Imbody v. C & R Plating Corp.*, No. 1:08-CV-218, 2010 WL 3184392 (N.D. Ind. Aug. 10, 2010); *Rios v. Ind. Univ.*, No. 3:04-CV-276, 2005 WL 1828767 (N.D. Ind. 2005). The certification is to be made in a separate document and filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c). Here, American General failed to submit a Local Rule 37.1 certification with its motion to compel.

Also, although the Court does not ultimately need to reach this issue due to the procedural deficiency, there may be problems concerning the subpoena itself. The subpoena, at least the copy furnished to the Court, is not signed by the Clerk or by an attorney authorized to practice in this District as is required by Federal Rule of Civil Procedure 45(a)(3). Moreover, Rule 45(a)(2)(C) states that a subpoena issued for production or inspection must be "from the court for the district where the production or inspection is to be made." Here, however, the subpoena provides that the documents be produced in Chicago, a city *outside* the Northern District of Indiana. *See, e.g.*, *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) (quashing subpoena issued to non-party where place of production and inspection was outside the judicial district of the court).

Therefore, for the foregoing reasons, American General's emergency motion to compel is DENIED WITHOUT PREJUDICE. American General may file, if it so chooses, another motion

to compel with a separate good faith certification in accordance with Local Rule 37.1(b).

SO ORDERED.

Entered this 22nd day of March, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge